# Wytheville.

## ARTRIP v. J. S. RASNAKE & SON AND OTHERS.

### JULY 11, 1898.

1. MENTAL CAPACITY—*Case in Judgment.*—In this case the evidence clearly and conclusively proves that the appellant had mental capacity to contract at the time the bond and deed of trust, which are the subjects of controversy, were executed.

2. CHANCERY PRACTICE—*Sale of Land—Account of Liens—Foreclosure of Mortgage or Deed of Trust.*—Where there are conflicting claims to priority of payment out of the proceeds of the sale of real estate about to be sold to satisfy the liens thereon, the court should ascertain the priority of the liens, and determine the rights of creditors before decreeing a sale, but this rule has no application to a decree for the sale of lands made under a deed of trust or mortgage where the parties have contracted for a sale without an account of liens, and no question of priority of liens is raised by answer or otherwise.

3. LIENS—*Mortgage—Deed of Trust—Change of Evidence of Debt.*—A mortgage or deed of trust remains a lien until the debt it was given to secure is satisfied, and is not affected by a change of the note, or by giving a different instrument as evidence of the debt.

Appeal from a decree of the Circuit Court of Buchanan county pronounced October 3, 1896, in three chancery suits heard together, one under the style of *J. H. Rasnake & Son* against *Floyd Artrip* and *Alice Artrip*, another under the style of *M. T. Browning* against *Floyd Artrip*, and the other under the style of *Alice Artrip* against *Floyd Artrip*. The decree being adverse to the appellant, Alice Artrip, she appealed.

*Affirmed.*

The opinion states the case.

*Burns & Ayers*, for the appellant.

*Finney & Stinson, R. Walter Dotson* and *S. W. Williams,* for the appellees.

CARDWELL, J., delivered the opinion of the court.

This is an appeal by Alice Artrip from a decree of the Circuit Court of Buchanan county rendered October 3, 1896, in the following named causes heard together: *J. H. Rasnake & Son* v. *Floyd Artrip & Alice Artrip; M. T. Browning* v. *Floyd Artrip;* and *Alice Artrip* v. *Floyd Artrip.*

In the first named cause, the bill, filed in August, 1895, alleges that Floyd Artrip and Alice, his wife, are indebted to the complainants for the purchase price of a stock of goods and merchandise sold by complainants to the defendants, to the amount of $1,438.79, for which amount Floyd and Alice Artrip executed their joint bonds, one for $280 payable in four months, and three for $384.79 papable respectively at eight, twelve, and eighteen months after their date, and secured their payment by mortgage dated March 2, 1893, to complainants, J. H. Rasnake & Son, conveying a tract of 180 acres of land, another of 50 acres, and another of 64 acres, all situate in Buchanan county, and all the real estate owned by the defendants; that the mortgage was duly executed and delivered by defendants, Floyd Artrip and wife, to complainants, but was never put to record in the clerk's office of Buchanan County Court because complainants had implicit confidence in the honesty and integrity of Floyd Artrip, and, at that time, also in Alice Artrip, and therefore did not go to the expense and trouble of recording same; that Floyd Artrip paid the $280 bond in full, and July 15, 1894, paid a large part of the second named bond of $384.79, and on that date he and his wife, Alice, executed their joint bond to complainants payable one day after date for $157.00, the balance due on this bond; and upon the bond of $157.00 Floyd Artrip made a number of payments, the date and amount of each payment being given;

and that on the second bond for $384.79 Floyd Artrip had paid $175.00.

It is further alleged that complainants had caused an attachment in this suit to be issued and levied upon certain lands belonging to Alice Artrip, and that the rents and profits of the lands for five years will not pay the debt of complainants, and "keep down the interest on the same." The prayer of the bill is that a sale of the land be made to pay complainants' debt, &c.

The bill was taken for confessed as to Floyd Artrip, but Alice Artrip filed her demurrer and answer thereto, and in her answer says that she was incapable of transacting any business at the time the mortgage is said to have been executed; that the goods were sold to Floyd Artrip, who alone made the purchase, and that they were delivered to him. She denies any participation in the negotiations for the stock of goods, and avers that Floyd Artrip, her husband, had no defence to make to the suit, his object being to have the lands of respondent sold to satisfy his debt; that the 180-acre tract of land in the bill mentioned belongs to her, and is a part of a 450-acre tract that was deeded to her and her husband, Floyd Artrip, jointly, in exchange of lands that belonged to her; that therefore the lands belonged to respondent, and Floyd Artrip had no interest in them. She further avers that complainants had knowledge of this fact at the time her signature was procured to the papers creating the debt, and that no effort was made to realize the debt out of the personal property of Floyd Artrip; asks that the mortgage be annulled as to her, but avers that the lands will rent for enough in five years to pay the debts, if the court should be of opinion that her land is bound for the debt alleged in the bill.

In the second of the causes named above, M. T. Browning's bill, filed January, 1896, alleges that he obtained a judgment before a justice of the peace for $25.00 with interest from the 26th day of July, 1895, until paid, and eighty cents costs,

against Floyd Artrip; that the same had been duly docketed in the clerk's office of Buchanan county, and is a lien upon the lands owned by Floyd Artrip in Buchanan county containing —— acres; that there are other judgments against him, and the lands will not rent for enough in five years to pay these judgments. An account of liens and their priorities was asked for, ordered and made, as Floyd Artrip made no defence to this suit.

In the third named suit of *Alice Artrip* v. *Floyd Artrip*, instituted in August, 1896, complainant alleges that she was induced by the defendant, Floyd Artrip, to exchange certain lands she owned in Russell county, Va., for a certain 450-acre tract in Buchanan county, owned by one J. C. Artrip; that J. C. Artrip gave Floyd Artrip $360 to boot, or difference, in the exchange of the two tracts, and that a deed was made to the complainant and defendant jointly by J. C. Artrip for the 450-acre tract; that Floyd Artrip had no interest in her Russell county lands, and should not have been mentioned in the deed for the Buchanan county land as one of the grantees, but that he controlled the whole matter, and had the deed made as he desired; that he took the $360 and used it; that, at the date of the deed, September 10, 1885, complainant was an infant, and that while yet an infant, the defendant induced her to join in conveyances with him for parts of the 450-acre tract, and after he had disposed of the timber, brought suit against her in the Circuit Court of Buchanan county, and obtained a decree at the May term, 1896, granting him a divorce *a vinculo matrimonii;* that since then he has occupied the remainder of the 450-acre tract, viz., about 180 acres, collecting the rents and receiving the benefits therefrom, &c. She prays that the defendant be compelled to convey this 180-acre tract of land to her, account to her for the $360, and for the rents, issues and profits of the land for the past five years, &c., but that if she is not entitled to this relief that then partition of the land be had between her and the defendant.

This bill, the defendant Floyd Artrip answered, and, after stating that he had no defence to make to the other two suits, that the claims were just, &c., he admits as true the allegations of the bill that complainant owned the Russell county land exchanged for the Buchanan county land, but denies the other allegations of the bill generally.

Numerous depositions were taken in the first named cause, and upon the hearing of the three causes together, on the pleadings therein respectively, the depositions and affidavits therein, and the report of the liens against Floyd Artrip, made in the second named cause, the court confirmed the report of liens, and, ascertaining in its decree the priority and amount of the lien of complainants, J. H. Rasnake and others asserted in the first named suit, decreed that the lands conveyed in the mortgage held by J. H. Rasnake & Son, with the exception of the sixty-four-acre tract, or enough thereof be sold, by a commissioner of the court appointed for the purpose, to pay off and discharge the indebtedness shown by the decree.

The grounds of error assigned in the petition for this appeal, are (1), "The proof clearly shows that Alice Antrip was not competent to make a contract at the time Floyd and said Alice made and signed the trust deed referred to;" and (2), "It was error in the court to decree a sale of the lands of Alice Artrip."

No attempt was made by appellant to sustain by proof her defence set up in her answer to this bill of J. H. Rasnake & Son, except on the issue of insanity. She had never been adjudged a lunatic, and while there is some evidence that she was ill seven or eight months before the mortgage to J. H. Rasnake & Son was executed, and acted "queerly or strangely" at times, without saying when, it wholly fails to show a general derangement whereby the burden was shifted to J. H. Rasnake & Son to show her legal capacity to contract when the mortgage was executed and delivered to them, if it shows at any time that she was incapable of contracting the debt.    1 Green-

leaf on Ev., sec. 81; 2 Id., sec. 371, p. 336; *Fishburne and Wife v. Ferguson's Heirs,* 84 Va. 107–8; 2 Minor's Inst., p. 644.

On the other hand, it is not only shown that she made no sort of objection to signing the bonds or mortgage, but urged her husband to make the purchase of the stock of goods, and sixteen months afterwards united in the bond given for the balance due on one of the bonds secured by the mortgage. One of the five persons present when the bonds and mortgage were executed, introduced as a witness for appellant, says that her mind was in its usual condition when she signed these papers; that witness had no impression at the time of her mind being affected, and that she did not see anything that indicated to witness that appellant was not right. The witness also says that she was employed at the house of appellant when the bonds and mortgage were signed, was there about two weeks, and during the time saw appellant often in the store waiting on people, trading and doing business, and that she paid witness for her services in goods out of the store, making the calculation herself of what was due witness.

The other four persons present when the bonds and mortgage were signed and delivered to appellees, all testify that appellant had mental capacity to contract and do important business at that time. One of them, who is wholly disinterested, and witnessed the execution of the " deed of trust," says that appellant was of sound mind; that at the time, just before and after these transactions, she stayed in the store, sold goods, acted as general clerk; that witness had traded with her right much, and she could calculate, keep accounts, change money, and do the general business of a clerk.

" Evidence of this character, those present at the *factum* of the deed, has always been held by the courts to be entitled to far more weight and importance than the opinion of witnesses based upon the erratic conduct and eccentricities of the party of whom they speak." *Beverly* v. *Walden,* 20 Gratt. 159; *Mercer* v. *Kelso,* 4 Gratt. 106.

Had the proof shown a general derangement of appellant's mind, thereby shifting the burden to appellees to show a lucid interval at the time of the *factum*, their proof, uncontradicted as it is, clearly and conclusively proves her mental capacity to contract at the time the bonds and deed of trust or mortgage were executed.

Under the second assignment of error it is contended that appellant and her husband, Floyd Artrip, were engaged as partners in the mercantile business, and, under sec. 2287 of the Code, she had no power or authority to make the contract with appellees binding her separate estate for the debt due them for the stock of goods; and that if they are not treated as partners, then the wife is surety for the husband, and should have been so treated, and her rights as surety respected, her lands should not have been decreed to be sold until the property of the principal had been exhausted, and that before a decree of sale could have been made an account and report of the property owned by Floyd Artrip, the husband, was necessary, and his property sold first, &c.

The position that appellant and her husband were partners in the mercantile business is wholly untenable, in view of the positive statement in her answer to the contrary, wherein she says that she had no part or parcel in the profits of the business, and only acted as the servant and salesman of her husband at such times as his pleasure demanded.

It is not error to decree a sale of land under a mortgage or deed of trust wherein parties contract for a sale without first having a reference to a commissioner to report liens where no question of priority of liens is raised by answer or otherwise.

Where there are conflicting claims to priority of payment out of the proceeds of land about to be sold to satisfy the liens upon it, the court, in order to prevent the danger of sacrificing the property by discouraging creditors from bidding, as they probably might if their right to satisfaction of their debts and the order in which they were to be paid out of the property

were previously ascertained, should declare the order of payment before it decrees the sale to be made. *Iaege* v. *Bossieux*, 15 Gratt. 103.

There was, however, no conflict in the court below as to priority of liens upon the property of appellant embraced in the mortgage held by appellees, and no controversy as to amount due on the debt thereby secured, except as to the $157.00 bond executed by Floyd Artrip and appellant for the balance due on one of the bonds secured by the mortgage, and upon which payments had been made. The contention, though it does not appear to have been made in the court below, is that it was error to include the balance due on this $157.00 bond in the amount of the debt ascertained to be due and unpaid on the bonds secured by the mortgage.

A mortgage or deed of trust remains a lien until the debt it was given to secure is satisfied, and is not affected by a change of the note, or by giving a different instrument as evidence of the debt. *Stimpson* v. *Bishop*, 82 Va. 198; 2 Jones on Mortgage, sec. 924.

The debt secured by the mortgage and unpaid being ascertained by the decree of the Circuit Court ordering a sale of the land, and no conflict as to priority of liens on the property conveyed in the mortgage appearing in the pleadings, or otherwise brought to the attention of the court, it was not error to decree a sale of the property, or so much thereof as might be necessary to pay this debt, and in doing so the court was merely executing the contract of the parties embraced in the mortgage. Under the decree, the judgment liens upon the lands of Floyd Artrip, reported by Commissioner Hibbitt, can only be satisfied out of the proceeds arising from the sale of his lands, and as to the equities of appellant and Floyd Artrip *inter sese* we are not called upon to express any opinion, nor do we understand the decree as concluding them.

We are therefore of opinion that the decree of the Circuit Court should be affirmed.

*Affirmed.*